UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kwan Bok Kim<br><br>                Plaintiff,<br>v.<br><br>J Beauty Supply Corp. Soon Hwan Yang aka David Yang and Gap Soon Yang,<br>                Defendants, | Index No. 20-CV-4166<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, Kwan Bok Kim, through his attorneys, for his Complaint against J Beauty Supply Corp., Soon Hwan Yang aka David Yang and Gap Soon Yang ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law §650 et seq. for Defendants' failure to pay proper minimum and overtime wages to Plaintiff. During the course of his employment by Defendants, Plaintiff regularly worked over eight (8) hours per day and over forty (40) hours per week. Defendants did not pay his minimum or overtime wage properly. Plaintiff further alleges that Defendants' failure to pay overtime wages was willful and intentional.

### THE PARTIES

2. Plaintiff was at all times relevant hereto an employee of Defendants.

1

3.      Plaintiff was at all times relevant hereto an individual employed in the State of New York by Defendants.

4.      Plaintiff was at all times relevant hereto residing in the State of New York.

5.      Plaintiff was at all times relevant hereto non-exempt employee within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6.      For the period commencing in or about 1997, until March 23, 2020, Plaintiff Kwan Bok Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

7.      Plaintiff started his work at 9 a.m. and ended at 7:00 p.m. from Monday through Saturday and he worked from 10 a.m. until 5:30 p.m. on Sundays. He regularly worked for 6 days per week, occasionally he worked for 4 to 5 days per week.

8.      Defendants paid him $1,000.00 per week when he worked for 6 days a week. They paid him $835.00 when he worked for 5 days. Defendants paid Plaintiff $165 per day regardless of the hours he worked in a day.

9.      During the liability period, Defendants did not require Plaintiff to use a timecard to keep track of all hours he worked.

10.     During the liability period, Defendant was considered a small business with less than 11 employees pursuant to NYLL §652-1(a)(ii).

11.     Plaintiff regularly worked more than 50 hours a week and was never paid the proper hourly compensation nor was he paid for all hours worked.

12.     Plaintiff performed work for Defendants the said hours worked as an expressed condition of his continued employment.

13. Plaintiff performed manual labor for Defendants.

14. Plaintiff was assigned to said manual labor by Defendants.

15. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

16. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

17. Plaintiff was required to report to work for Defendants at a certain time.

18. Plaintiff could not set his own hours of work for Defendants.

19. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

20. Defendants Soon Hwan Yang and Gap Soon Yang are and were at all relevant times hereto engaged in the business of a beauty supply store.

21. Defendant J Beauty Supply Corp. is and was at all relevant times hereto engaged in interstate commerce.

22. Defendants Soon Hwan Yang and Gap Soon Yang ("Yangs") managed, supervised, established, and administered the terms and conditions of Plaintiff's employment.

23. Defendants Yangs participated in and approved of the unlawful pay practices of the business J Beauty Supply Corp. in the State of New York.

24. Defendants Yangs were involved in assigning work to Plaintiff.

25. Defendants Yangs had the power and authority to discipline Plaintiff.

26. Defendants Yangs exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

27. Defendants Yangs hired Plaintiff.

28. Defendants Yangs were in charge of paying employees.

29. Defendants Yangs told Plaintiff where to work and when to work.

30. Defendants employed Plaintiff to do work for them in the State of New York.

31. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

32. Defendants provided the tools and equipment and materials for Plaintiff to do his job for Defendants.

33. Defendants held Plaintiff out as an employee.

34. Defendants employed and paid Plaintiff as their employee.

35. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. §203(d), and the NYLL.

36. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

37. Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

38. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

39. No exemption from overtime applies or applied to Plaintiff when he worked more than 40 hours in a workweek for Defendants.

40. Defendants failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

41. Defendants failed to pay Plaintiff the proper hourly compensation for all hours worked.

42. Defendants failed to pay Plaintiff for all hours worked.

43. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

44. Defendants' failure to pay Plaintiff the proper hourly compensation was intentional and willful.

45. Defendants' failure to pay Plaintiff for all hours worked was intentional and willful.

46. Defendant J Beauty Supply Corp. is a New York corporation doing business as J Beauty Supply Store and is an enterprise as defined in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

47. Upon information and belief, J Beauty Supply Corp. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

48. Upon information and belief, Defendants J Beauty Supply Corp., Soon Hwan Yang, and Gap Soon Yang, at all relevant times, were employers as defined by FLSA and NYLL.

49. Defendants Soon Hwan Yang and Gap Soon Yang are husband and wife and the owners of Defendant J Beauty Supply Corp.

## JURISDICTION AND VENUE

50. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C §1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

51. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

52. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

53. For the period commencing in or about 1997, until March 23, 2020, Plaintiff Kwan Bok Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

54. Plaintiff started his work at 9 a.m. and ended at 7:00 p.m. from Monday through Saturday and he worked from 10 a.m. until 5:30 p.m. on Sundays. He regularly worked for 6 days per week, occasionally he worked for 4 to 5 days per week.

55. During Plaintiff's employment period for Defendants, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

56. During Plaintiff's employment period for Defendants, Defendants paid Plaintiff $165 per day regardless of the hours he worked in a day or a week.

57. During this period, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

58. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

59. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

60. During the course of their employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

61. Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

62. Pursuant to 29 U.S.C. §207, for all weeks, during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular rate of pay.

63. Defendants did not compensate Plaintiff at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

64. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

65. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of NYLL – Minimum Wages

66. All allegations of the Complaint are expressly incorporated herein, and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

67. The Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

68. The matters set forth in this count arise from Defendants' violation of the minimum wage provision of the Minimum Wage Act Article 19 New York State Labor Law §650 et. seq.

69. At all relevant times herein, Defendant was considered a "small employer" as defined in NYLL §652-1(a)(ii).

70. Pursuant to NYLL §652-4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated at the correct minimum wage.

71. Defendants did not compensate Plaintiff the correct minimum wage for all hours worked.

72. Defendants did not compensate Plaintiff for all hours worked.

73. Defendants violated the New York Labor Law by refusing to compensate Plaintiff minimum wages for all hours worked.

74. Pursuant to 19 NYLL §663-1 & 4, Plaintiff is entitled to recover their unpaid wages together with costs, all reasonable attorney's fees, prejudgment interest, and an additional amount as liquidated damages equal to one hundred percent (100%) of the total of underpayments.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of NYLL - Overtime Wages

75. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

76. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

77. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

78. Pursuant to 12 NYCRR §142-2.2, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times the correct hourly rate of pay for hours worked in excess of forty (40) hours per week.

79. Defendants failed to compensate Plaintiff overtime wages for hours worked in excess of forty (40) in individual workweeks.

80. Defendants violated the NYLL overtime wage Law by not compensating Plaintiff overtime wages for hours worked in excess of forty (40) in individual workweeks.

81. Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiff at one and one-half times the correct rate of pay for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

D. A judgment in the amount of unpaid overtime wages for all hours worked;

E. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

F. Reasonable attorney's fees and costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Time of Hire Wage Notice Requirement

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift,

day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

84. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle, and rate of overtime on his or his first day of employment.

85. Defendants not only failed to provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiff even after the fact.

86. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide wage notice at the time of hire as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## COUNT V
## Pay Stub Requirement

87. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88. The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

89. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff did not provide the paystub on or after paydays.

90. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 together with costs and attorneys' fees pursuant to New York Labor Law §198(1-d).

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide pay stubs as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: September 4, 2020

   /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law
222 Bruce Reynolds Blvd
Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com